AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

FILED
LODGED
ENTERED
RECEIVED

MAR 31 2017

CLERK U.S. DISTRICT COURT
AT SEATTLE
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

GOOGLE USER ACCOUNT:
jessed206wilson@gmail.com

)
)
)
)
)
)

Case No. **MJ 17 - 124**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A, attached hereto and incorporated herein by reference.

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized):*
See Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Sections 841 and 846 | Distribution or Controlled Substances and Conspiracy to Distribute Controlled Substances |

The application is based on these facts:
See Affidavit of Postal Inspector Brett A. Willyerd, U.S. Postal Inspection Service.  Attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Postal Inspector Brett A. Willyerd, USPIS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: March 31, 2017

_____
*Judge's signature*

City and state:  Seattle, Washington

Mary Alice Theiler, United States Magistrate Judge
*Printed name and title*

USAO# 2016R00649

**AFFIDAVIT OF POSTAL INSPECTOR BRETT WILLYERD**

STATE OF WASHINGTON     )
                        )      ss
COUNTY OF KING          )

I, Brett A. Willyerd, being duly sworn, depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a United States Postal Inspector, assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances and Title 18 illegal contraband, through the United States Mail.  I have been employed as a Postal Inspector since April 2012 and am currently assigned to United States Postal Inspection Service (USPIS) Seattle Division Headquarters and as a Task Force Officer with Homeland Security Investigations, Border Enforcement Security Task Force located in Seattle, Washington.  As part of my duties, I investigate the use of the United States Postal Service ("USPS") to illegally mail and receive controlled substances, the proceeds of drug trafficking, instrumentalities associated with drug trafficking and illegal contraband. My training and experience includes a Bachelor of Science degree from Utah State University in Journalism and Corporate Communications, and Basic Inspector Training course in Potomac, Maryland.  I also have attended a one-week training course presented by the USPIS addressing narcotics investigations and current trends in narcotics mailings. In addition, I previously was a police officer with the Manassas City Police Department, Patrol Division, in Virginia.  I have also received training on the identification of controlled substances, interdiction of controlled substances and proceeds thereof.  As a Postal Inspector, I am authorized to investigate crimes involving federal offenses relating to the U.S. Postal Service.

2.      Because of my experience and training, I am familiar with common methods of investigating drug trafficking and have become familiar with methods of operation of drug traffickers and manufacturers, including, but not limited to: their

AFFIDAVIT OF SA WILLYERD - 1
USAO# 2016R00649

1  methods of importing, exporting, storing, concealing, and packaging drugs; their methods

2  of transferring and distributing drugs; their use of cellular telephones; their use of

3  counter-surveillance; and other methods of avoiding detection of law enforcement.  I

4  have participated in numerous drug smuggling and trafficking investigations and search

5  warrants involving the use of computers and the internet, and have assisted in the

6  gathering of evidence during execution of those warrants.

7       3.      I make this Affidavit in support of an application for a search warrant,

8  pursuant to 18 U.S.C. § 2703, to search the electronic communications contained in the e-

9  mail/user account:  **jessed206wilson@gmail.com** (hereinafter referred to as SUBJECT

10 E-MAIL ACCOUNT), more fully described in Attachment A to this Affidavit, attached

11 hereto and incorporated herein, as well as all other subscriber and log records associated

12 with this account, to seize the items listed in Attachment B, attached to this Affidavit, and

13 incorporated herein by reference, for evidence, fruits, and instrumentalities of violations

14 of 21 U.S.C. §§ 841 (Distribution of Controlled Substances) and 846 (Conspiracy to

15 Distribute Controlled Substances).  SUBJECT E-MAIL ACCOUNT is currently being

16 used by JESSE WILSON.

17      4.      The facts set forth in this Affidavit are based on my own personal

18 knowledge; knowledge obtained from other individuals during my participation in this

19 investigation, including other law enforcement officers; review of documents and records

20 related to this investigation; communications with others who have personal knowledge

21 of the events and circumstances described herein; and information gained through my

22 training and experience.

23      5.      Because this Affidavit is submitted for the limited purpose of establishing

24 probable cause in support of the application for a search warrant, it does not set forth

25 each and every fact that I or others have learned during the course of this investigation.  I

26 have set forth only the facts that I believe are relevant to the determination of probable

27 cause to believe that evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§

28

AFFIDAVIT OF SA WILLYERD - 2
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 | 841 (Distribution of Controlled Substances) and 846 (Conspiracy to Distribute Controlled

2 | Substances) will be found in the SUBJECT E-MAIL ACCOUNT.

3 | **SUMMARY OF PROBABLE CAUSE**

4 |       6.       On October 31, 2015, U.S. Customs and Border Protection (CBP) John F.

5 | Kennedy International Airport (JFK) Mail Branch conducted an enforcement operation

6 | involving the targeting and examination of international mail parcels arriving from India.

7 | During the course of this operation, CBP Officers examined a number of international

8 | mail parcels including three destined for post office boxes in the Western District of

9 | Washington.  Upon examination of these three parcels, CBP Officers discovered

10 | distribution quantities of Zolpidem, a non-narcotic Scheduled IV controlled substance.

11 |       7.       Following the discovery of the controlled substances, and pursuant to their

12 | border search authority, CBP Officers seized the items and forwarded all relevant

13 | information to Special Agent (SA) Michael Larson, Homeland Security Investigations

14 | (HSI) Seattle for further investigation.  The following parcel information relevant to the

15 | present application was recorded by CBP:

16 |             a.       Express Mail Parcel ED730215208IN

17 |                     Recipient: Jesse Wilson

18 |                     Recipient Address: P.O. Box 48023, Seattle, WA 98148

19 |                     Seized Items: 2,000 Zolpidem Tablets

20 |             b.       Express Mail Parcel ED730215185IN

21 |                     Recipient: Jessie Wilson

22 |                     Recipient Address: P.O. Box 305, Seattle, WA 98062

23 |                     Seized Items: 2,000 Zolpidem Tablets

24 |       8.       On November 18, 2015, CBP San Francisco International Airport (SFO)

25 | Mail Branch conducted an enforcement operation involving the targeting and

26 | examination of international mail parcels arriving from India.  During the course of this

27 | operation, CBP Officers discovered distribution quantities of Zolpidem and Carisoprodol

28 | in two parcels destined for the Western District of Washington.  Following the discovery

AFFIDAVIT OF SA WILLYERD - 3
USAO# 2016R00649

1   of the controlled substances, and pursuant to their border search authority, CBP Officers

2   seized the items.

3          9.      The following parcel information relevant to the present application was

4   recorded by CBP:

5                  a.      Express Mail Parcel ED730223399IN

6                          Recipient: Jesse Wilson

7                          Recipient Address: P.O. Box 305, Seattle, WA 98062

8                          Seized Items: 1999 Carisoprodol Tablets

9          10.     On February 8, 2016, at Seattle, Washington, law enforcement agents

10  interdicted two international mail parcels addressed to JESSE WILSON at P.O. Box 305,

11  Seattle, WA 98062.

12         11.     On February 9, 2016, utilizing his border search authority, SA Larson

13  inspected these two parcels and discovered distribution quantities of Clonazepam and

14  Alprazolam (Xanax).  Following the discovery of these items, I replaced the controlled

15  substances with seizure notices and made arrangements to have the parcels delivered to

16  the above-referenced post office boxes.

17         12.     On February 9 and 10, 2016, I and other law enforcement officers

18  conducted surveillance activities outside the U.S. Post Office located at 2116 SW 152nd

19  Street, Burien, WA 98166.  This address is where P.O. Box 305 is physically located.

20         13.     On February 10, 2016, at approximately 11:30 a.m., I observed a 1999

21  Buick Lesabre, with Washington License Plate ANB1238 arrive at the post office located

22  at 2116 SW 152nd Street, Burien, WA 98166.  After the 1999 Buick Lesabre parked, a

23  male matching the physical description of JESSE WILSON exited the passenger side of

24  vehicle.  JESSE WILSON entered the post office carrying a red bag.

25         14.     Once inside, JESSE WILSON mailed sixteen Priority Mail packages to

26  various locations throughout the United States.  The return addressee listed on each of

27  these Priority Mail parcels was "Marshall Yates, 4351 SO 179th St, Seatac, WA 98188."

28  In addition to mailing these domestic packages, JESSE WILSON picked-up the two

AFFIDAVIT OF SA WILLYERD - 4
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 international parcels which had been interdicted on February 8, 2016. Upon exiting the
2 post office, JESSE WILSON was again observed carrying the same red bag. JESSE
3 WILSON then left the area in the 1999 Buick Lesabre.

4      15.     At approximately 11:43 a.m., SA Larson observed the 1999 Buick Lesabre
5 pull into the parking lot of a second post office. This post office was located at 609 SW
6 150th Street, Burien, WA 98166. After the 1999 Buick Lesabre parked, JESSE
7 WILSON exited the vehicle and entered the post office carrying a red bag. A short time
8 later, JESSE WILSON exited the post office, again carrying a red bag.

9      16.     Later SA Larson observed the 1999 Buick Lesabre pull into an
10 apartment/townhome complex located at 10836 4th Place SW, Seattle, WA 98146. Once
11 in the complex, the 1999 Buick Lesabre briefly stopped. JESSE WILSON exited the
12 vehicle carrying the red bag. SA Larson then observed JESSE WILSON enter unit 401.
13 No one entered the unit with JESSE WILSON. Surveillance was terminated after the
14 1999 Buick Lesabre left the area.

15      17.     On August 9, 2016, at approximately 9:20 a.m., HSI agents and officers
16 initiated surveillance activities at 10836 4th Place SW, Seattle, WA 98146. At
17 approximately 1:55 p.m., SA Hardin observed a gray 2014 Ford Focus park outside
18 JESSE WILSON's residence. Once parked, ROBERT BEDNARCZYK exited the Focus
19 and waited outside. A short time later, JESSE WILSON exited his residence and joined
20 ROBERT BEDNARCZYK in the gray 2014 Ford Focus. Surveillance was maintained
21 on the vehicle as it left the area.

22      18.     At approximately 2:10 p.m., the gray 2014 Ford Focus pulled into the
23 parking lot of the U.S. Post Office located at 2003 South 216th Street, Des Moines, WA
24 98198. Once parked, JESSE WILSON exited the vehicle and entered the post office.

25      19.     At approximately 2:20 p.m., JESSE WILSON exited the post office
26 carrying a number of packages. After leaving the post office, JESSE WILSON walked
27 back to the gray 2014 Ford Focus where SAs Hardin and Scott observed him place the
28 packages in the trunk. After loading the packages, JESSE WILSON and ROBERT

AFFIDAVIT OF SA WILLYERD - 5
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  BEDNARCZYK left the area in the gray Ford Focus.  Surveillance was maintained on
2  the vehicle as it left the area.

3       20.    While SAs Hardin and Scott followed the gray 2014 Ford Focus, SA
4  Larson remained at the post office where he made contact with the shift supervisor.
5  According to the shift supervisor, the parcels retrieved by JESSE WILSON were sent to
6  JULIANA NORLEEN at P.O. Box 13036, Des Moines, WA 98198.  Postal records
7  revealed that JULIANA NORLEEN opened P.O. Box 13036 and later added JESSE
8  WILSON as an authorized user.  According to several postal employees, P.O. Box 13036
9  had regularly received international parcels which were picked up by JESSE WILSON.

10      21.    On August 10, 2016, at approximately 9:00 a.m., HSI officers initiated
11  surveillance activities outside the U.S. Post Office at 15250 32nd Avenue South, Seatac,
12  WA 98188; JULIANA NORLEEN's residence at 3230 South 135th Street, Tukwila, WA
13  98168; and JESSE WILSON's residence at 10836 4th Place SW, Seattle, WA 98146.

14      22.    The purpose of this multi-location surveillance was to identify the intended
15  recipient(s) of two international mail parcels containing distribution quantities of
16  Zolpidem.  These parcels were interdicted on August 5, 2016, and they were addressed to
17  LAURERL PEGUEROS.  The drugs were replaced with seizure notices and the postal
18  tracking system was updated to reflect the parcels were available for pickup.

19      23.    Upon arriving at 3230 South 135th Street,  Patterson observed RORBERT
20  BEDNARCZYK on the front porch and a gray 2014 Ford Focus parked outside the
21  residence.

22      24.    At approximately 9:19 a.m., U.S. Postal Inspector Bega telephoned 206-
23  579-3701, speaking to a woman who identified herself as "Laurel."  Inspector Bega
24  informed "Laurel" that two international mail parcels were available for pickup at the
25  Riverton Heights Post Office.  "Laurel" informed Inspector Bega that she would have a
26  "friend" stop by the post office and pick up the parcels today.

27      25.    At approximately 10:00 a.m., ROBERT BEDNARCZYK left 3230 South
28  135th Street in a gray 2014 Ford Focus.  At approximately 10:40 a.m., SAs Scott and

AFFIDAVIT OF SA WILLYERD - 6
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Maher observed the Ford Focus park outside JESSE WILSON's residence at 10836 4th Place SW. Once parked, ROBERT BEDNARCZYK exited the vehicle and waited outside. A short time later, JESSE WILSON exited his residence and walked to the gray Ford Focus where he entered on the passenger side.

26.     At approximately 10:43 a.m., JESSE WILSON exited the vehicle and ran back to his residence. A short time later, JESSE WILSON exited his residence carrying a red bag which he placed in the back of the gray Ford Focus.

27.     At approximately 10:44 a.m., JESSE WILSON and ROBERT BEDNARCZYK left the area in the gray 2014 Ford Focus. At approximately 11:46 a.m., the Ford Focus pulled into the parking lot of the U.S. Post Office located at 15250 32nd Avenue South, Seatac, WA 98188. After arriving at the post office, JESSE WILSON walked to the back of the vehicle where SAs Larson and Henry observed him place parcels into a red bag. JESSE WILSON entered the post office with the red bag.

28.     Once inside the post office, Inspectors Bega and Mitchell observed JESSE WILSON remove approximately 12 flat rate mail parcels from the red bag. JESSE WILSON paid the clerk for postage after which time the clerk placed the parcels in the mail stream. All of the parcels were sent from "Marshal Yates" at 4351 South 179th Street, Seatac, WA 98188; to different addresses throughout the U.S.

29.     After mailing the domestic parcels, JESSE WILSON inquired about the international parcels addressed to LAUREL PEGUEROS. The clerk retrieved the parcels from the sorting area and presented JESSE WILSON with a delivery receipt for signature. In addition to the two international mail parcels, several clearly marked letters from CBP were included with the bundle of mail. JESSE WILSON signed the delivery receipt but declined to accept the parcels after he saw the letters with the CBP stationary. JESSE WILSON informed the clerk that his aunt's daughter would pick up the parcels further stating, "I'm really trying to get away from these people." At approximately 12:00 p.m., JESSE WILSON and ROBERT BEDNARCZYK left the post office in the gray 2014 Ford Focus.

AFFIDAVIT OF SA WILLYERD - 7
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

30.     On October 31, 2016, CBP JFK Mail Branch conducted an enforcement operation involving the targeting and examination of international mail parcels arriving from India.  During the course of this operation, CBP Officers examined a number of international mail parcels including seven addressed to JULIANA NORLEEN at P.O. Box 13036, Des Moines, WA 98198.   Upon further examination of these parcels, CBP Officers discovered distribution quantities of various controlled substances including: Clonazepam, Carisoprodol, Lorazepam, and Tramadol.  Following the discovery of the controlled substances, CBP seized the items and contacted HSI Seattle.  Upon learning of the seizure, HSI Seattle made arrangements to deliver seizure notices in place of the drugs.

31.     Between November 4, 2016, and November 7, 2016, SA Larson and other law enforcement officers conducted surveillance activities outside the U.S. Post Office at 2003 South 216th Street, Des Moines, WA 98198; Juliana NORLEEN's residence at 3230 South 135th Street, Tukwila, WA 98168; and Jesse WILSON's residence at 10836 4th Place SW, Apartment 401, Seattle, WA 98146.

32.     Before beginning the surveillance, the postal service tracking system was updated to reflect the parcels containing the seizure notices were available for pickup at the post office.  When investigators arrived at the post office, they discovered three additional international mail parcels that had not been inspected CBP.  These parcels were addressed to JULIANA NORLEEN at P.O. Box 13036, Des Moines, WA 98198, and were sent from known suppliers of controlled substances.  With the addition of these parcels, there were ten international mail parcels waiting for JULIANA NORLEEN at the post office.

33.     On November 7, 2016, at approximately 8:30 a.m., SA Larson and other law enforcement officers resumed surveillance activities at the U.S. Post Office located at 2003 South 216th Street, Des Moines, WA 98198.

34.     At approximately 12:24 p.m., U.S. Postal Inspector Worrel received a telephone call from a postal clerk at the Riverton Heights Post Office located 15250 32nd

AFFIDAVIT OF SA WILLYERD - 8
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Avenue South, Seatac, WA 98188.  According to the postal clerk, JESSE WILSON was

2  currently at the Riverton Heights Post Office mailing a number of domestic mail parcels

3  under the name "Marshal Yates."  The postal clerk further reported that JESSE WILSON

4  drove a "tannish Infiniti" to the post office.

5      35.     At approximately 1:08 p.m., SAs Larson and Hardin observed a tan  2005

6  Infinity G35 pull into the parking lot of the U.S. Post Office located at 2003 South 216th

7  Street.  Upon arriving at the post office, the vehicle parked on the east side of the parking

8  lot where JESSE WILSON exited the driver's side door with nothing in his hands.

9      36.     At approximately 1:10 p.m., Inspector Worrel observed JESSE WILSON

10  standing in line with a Delivery Notice/Reminder/Receipt (PS Form 3849) in his hand.

11  This notice had been placed in P.O. Box 13036 to alert the box holder that the ten

12  international mail parcels were available for pickup.

13      37.     At approximately 1:13 p.m., JESSE WILSON approached the counter and

14  presented PS Form 3849 to the clerk who retrieved the parcels.  JESSE WILSON signed

15  PS Form 3849 and exited the post office carrying the parcels in a white postal service

16  mail tray.

17      38.     At approximately 1:15 p.m., JESSE WILSON loaded the ten parcels into

18  the tan 2005 Infinity G35 and left the area.  After leaving the post office, the Infinity G35

19  traveled to several locations where JESSE WILSON met with unknown subjects.  At

20  approximately 2:15 p.m., surveillance activities were terminated after JESSE WILSON

21  appeared to be taking steps to detect and/or identify surveillance units.

22      39.     Between November 5, 2016, and November 10, 2016, CBP JFK and SFO

23  Mail Branches conducted enforcement operations involving the targeting and

24  examination of international mail parcels arriving from India.  During the course of this

25  operation, CBP Officers examined a number of international mail parcels including 11

26  addressed to the name of JULIANA NORLEEN at P.O. Box 13036, Des Moines, WA

27  98198.

28

AFFIDAVIT OF SA WILLYERD - 9
USAO# 2016R00649

40.     Upon further examination of these parcels, CBP Officers discovered distribution quantities of various controlled substances including: Lorazepam, Zolpidem, Alprazolam, and Carisoprodol.  Following the discovery of the controlled substances, CBP seized the items and contacted SA Larson, HSI Seattle.  Upon learning of the seizure, HSI Seattle made arrangements to deliver seizure notices in place of the drugs.

41.     Between November 15, 2016, and November 16, 2016, SA Larson and HSI law enforcement officers conducted surveillance activities outside the U.S. Post Office at 2003 South 216th Street, Des Moines, WA 98198; and JULIANA NORLEEN's residence at 3230 South 135th Street, Tukwila, WA 98168.  Surveillance was maintained at the Des Moines Post Office during the hours when the customer service desk was staffed.

42.     Before beginning the surveillance, the USPS postal service tracking system was updated to reflect the parcels containing the seizure notices were available for pickup at the post office.  When investigators arrived at the post office, they discovered two additional international mail parcels that had not been inspected CBP.  These parcels were addressed to JULIANA NORLEEN at P.O. Box 13036, Des Moines, WA 98198, and were sent from known suppliers of controlled substances.  With the addition of these parcels, there were 13 international mail parcels waiting for JULIANA NORLEEN at the post office.

43.     On November 16, 2016, law enforcement officers resumed surveillance activities at the U.S. Post Office at 2003 South 216th Street, Des Moines, WA 98198; and JULIANA NORLEEN's residence at 3230 South 135th Street, Tukwila, WA 98168.

44.     At approximately 12:50 p.m., SA Hardin observed JESSE WILSON exit the residence at 3230 South 135th Street, Tukwila, WA 98168 and load two cardboard boxes into the trunk of tan 2005 Infinity G35, Washington license plate BCP3977.  After loading the boxes, JESSE WILSON left the area in tan 2005 Infinity G35.  Surveillance was not maintained on the vehicle.

AFFIDAVIT OF SA WILLYERD - 10
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      45.    At approximately 1:10 p.m., Postal Inspectors received a telephone call

2 from a postal clerk at the Riverton Heights Post Office located 15250 32nd Avenue

3 South, Seatac, WA 98188.  According to the postal clerk, JESSE WILSON was currently

4 at the Riverton Heights Post Office mailing a number of domestic mail parcels under the

5 name "Marshal Yates."

6      46.    At approximately 1:42 p.m., SAs Hardin and Larson observed tan 2005

7 Infinity G35, Washington license plate BCP3977 pull into the parking lot of the U.S. Post

8 Office located at 2003 South 216th Street.  JESSE WILSON entered the post office

9 through the main entrance.

10      47.    At approximately 1:45 p.m., SA Larson observed JESSE WILSON

11 approach the counter and present a Delivery Notice/Reminder/Receipt (PS Form 3849) to

12 the clerk who in turn retrieved the parcels.  JESSE WILSON signed PS Form 3849 and

13 exited the post office carrying the parcels in a white postal service mail tray.  At

14 approximately 1:47 p.m., JESSE WILSON loaded the 13 parcels into tan 2005 Infinity

15 G35, Washington license plate BCP3977 and left the area.

16     **INFORMATION RELATED TO JESSE WILSON'S E-MAIL USE**

17      48.    On February 28, 2017, CBP JFK Mail Branch conducted an enforcement

18 operation involving the targeting and examination of international mail parcels arriving

19 from India.  During the course of this operation, CBP Officers examined a number of

20 international mail parcels including one parcel destined for a post office box in the

21 Western District of Washington.  Upon examination of this parcel, CBP Officers

22 discovered distribution quantities of Alprazolam.

23      49.    The following parcel information was recorded by CBP:

24         a.    Express Mail Parcel CU132017257IN

25              Recipient: Jesse Wilson

26              Recipient Address: 126 SW 148th Street, C100 Box 293, Seattle,

27              WA 98166

28              Seized Items: 9,763 Alprazolam pills

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

50.     Based on the information provided by CBP from the February 28, 2017 seizure of Alprazolam pills in Express Mail parcel CU132017257IN, SA Larson researched the recipient address (126 SW 148th Street C100, Burien, WA 98166) and discovered it was a P.O. Box located at a UPS store.

51.     On March 7, 2017, SA Larson and I went to the UPS store located at 126 SW 148th Street, C100, Burien, WA 98166 and spoke with the manager who provided me with P.O. Box application for 293.  The application revealed JESSE WILSON opened box 293 on February 7, 2017, further reporting the following home address and contact information: 3230 S. 135th St., Tukwila, WA 98168, mobile telephone number 206-370-9885, and e-mail address **jessed206wilson@gmail.com** / SUBJECT E-MAIL ACCOUNT.  JESSE WILSON also provided a copy of his Washington State Driver's License and a copy of his vehicle registration to the 2005 Infinity G35, Washington license plate BCP3977.

52.     Furthermore, the manager of the UPS store advised JESSE WILSON provided written authorization which allowed the UPS store to send package notifications to SUBJECT E-MAIL ACCOUNT and mobile phone number 206-370-9885.  A day after visiting the UPS store, I learned from the manager that JESSE WILSON received additional parcels at P.O Box 293 from India.

53.     In addition to JESSE WILSON'S use of SUBJECT E-MAIL ACCOUNT as means of receiving notification that a parcel is available for pick-up, there is probable cause to believe that the SUBJECT E-MAIL ACCOUNT will contain further evidence of violations of 21 U.S.C. §§ 841 (Distribution of Controlled Substances) and 846 (Conspiracy to Distribute Controlled Substances).  Specifically, I know from training and experience that individuals trafficking in controlled substances such as Clonazepam, Carisoprodol, Lorazepam, Tramadol, and Xanax often communicate with customers and suppliers via electronic means – to include e-mail.  This is the case because these controlled substances are typically trafficked via illegal online pharmacies.  Similarly, as the source of these types of controlled substances is often international – as is the case in

AFFIDAVIT OF SA WILLYERD - 12
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the present case – electronic means of communication, including e-mail, are often used

2  between the international supplier and the domestic distributor to arrangement payment,

3  discuss pricing, make orders, and coordinate the delivery of controlled substances

4  purchased from international sources for further distribution in the United States.

5  **BACKGROUND REGARDING GOOGLE/GMAIL.COM SERVICES**

6      54.    In my training and experience, I have learned that Google provides a

7  variety of on-line services, including e-mail access, to the general public.  Google allows

8  subscribers to obtain e-mail accounts at the domain name "gmail.com," like the e-mail

9  accounts listed in Attachment A.

10      55.    Subscribers obtain an account by registering with Google.  When doing so,

11  e-mail providers like Google ask the subscriber to provide certain personal identifying

12  information.  This information can include the subscriber's full name, physical address,

13  telephone numbers and other identifiers, alternative e-mail addresses, and, for paying

14  subscribers, means and source of payment (including any credit or bank account number).

15  In my training and experience, such information may constitute evidence of the crimes

16  under investigation because the information can be used to identify the account's user or

17  users, and to help establish who has dominion and control over the account.

18      56.    E-mail providers typically retain certain transactional information about the

19  creation and use of each account on their systems.  This information can include the date

20  on which the account was created, the length of service, records of log-in (i.e., session)

21  times and durations, the types of service utilized, the status of the account (including

22  whether the account is inactive or closed), the methods used to connect to the account

23  (such as logging into the account via Google's website), and other log files that reflect

24  usage of the account.  In addition, e-mail providers often have records of the Internet

25  Protocol address ("IP address") used to register the account and the IP addresses

26  associated with particular logins to the account.  Because every device that connects to

27  the Internet must use an IP address, IP address information can help to identify which

28

AFFIDAVIT OF SA WILLYERD - 13
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  computers or other devices were used to access the e-mail account, which can help
2  establish the individual or individuals who had dominion and control over the account.

3      57.    In general, an e-mail that is sent to a Google subscriber is stored in the
4  subscriber's "mail box" on Google servers until the subscriber deletes the e-mail.  If the
5  subscriber does not delete the message, the message can remain on Google servers
6  indefinitely.  Even if the subscriber deletes the e-mail, it may continue to be available on
7  Google servers for a certain period of time.

8      58.    When the subscriber sends an e-mail, it is initiated at the user's computer or
9  device, transferred via the Internet to Google servers, and then transmitted to its end
10 destination.  Google often maintains a copy of the e-mail sent.  Unless the sender of the
11 e-mail specifically deletes the e-mail from the Google server, the e-mail can remain on
12 the system indefinitely.  Even if the sender deletes the e-mail, it may continue to be
13 available on Google servers for a certain period of time.

14     59.    A sent or received e-mail typically includes the content of the message,
15 source and destination addresses, the date and time at which the e-mail was sent, and the
16 size and length of the e-mail.  If an e-mail user writes a draft message but does not send
17 it, that message may also be saved by Google but may not include all of these categories
18 of data.

19     60.    A Google subscriber can also store files, including e-mails, address books,
20 contact or buddy lists, calendar data, photographs, and other files, on servers maintained
21 and/or owned by Google.  In my training and experience, evidence of who was using an
22 e-mail account may be found in address books, contact or buddy lists, e-mail in the
23 account, attachments to e-mails, including photographs and files, and photographs and
24 files stored in relation to the account.

25     61.    A subscriber to a Google Gmail account can also store files, including
26 address books, contact lists, calendar data, photographs and other files, on servers
27 maintained and/or owned by Google.  For example, Google offers users a calendar
28 service that users may utilize to organize their schedule and share events with others.

AFFIDAVIT OF SA WILLYERD - 14
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Google also offers users' a service called Google Drive that may be used to store data and

2   documents.  The Google Drive service may be used to store documents including

3   spreadsheets, written documents (such as Word or Word Perfect) and other documents

4   that could be used to manage a website.  Google Drive allows users to share their

5   documents with others or the public depending on the settings selected by the account

6   holder.  Google also provides its users with access to the photo storage service "Picasa."

7   Picasa can be used to create photo albums, store photographs, and share photographs with

8   others.  Another Google service called "You Tube" allows users to view, store and share

9   videos.  Google also provides a service called "Google Analytics."  Google Analytics is a

10  Google service that monitors website traffic and provides subscribers with data relating to

11  how much traffic is visiting the subscriber's website, which sections of the subscriber's

12  website users are visiting, how long users are staying on particular sections of the site,

13  and the geographical source of users visiting the website, among other things.

14       62.     In some cases, e-mail account users will communicate directly with an e-

15  mail service provider about issues relating to the account, such as technical problems,

16  billing inquiries, or complaints from other users.  E-mail providers typically retain

17  records about such communications, including records of contacts between the user and

18  the provider's support services, as well records of any actions taken by the provider or

19  user as a result of the communications.  In my training and experience, such information

20  may constitute evidence of the crimes under investigation because the information can be

21  used to identify the account's user or users.

22       63.     On March 17, 2017, a preservation letter was sent to Google, and asking

23  that the contents of the SUBJECT E-MAIL ACCOUNT be preserved, under authority of

24  Title 18, United States Code, Section 2703(f)(1), for a period of 90 days.

25                    **PRIOR EFFORTS TO OBTAIN EVIDENCE**

26       64.     I understand that the contents of the SUBJECT E-MAIL ACCOUNT can

27  only be obtained, in the Ninth Circuit, by means of a search warrant issued under

28  authority of 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and Federal Rule of

AFFIDAVIT OF SA WILLYERD - 15
USAO# 2016R00649

1  Criminal Procedure 41(e)(2)(B).  There have been no prior attempts to secure a search

2  warrant to search and seize these records.

3  **PROTOCOL FOR SORTING SEIZABLE ELECTRONICALLY STORED**

4  **INFORMATION**

5      65.    In order to ensure that agents are limited in their search only to the

6  SUBJECT E-MAIL ACCOUNT (and any attachments, stored instant messages, stored

7  voice messages, documents, and photographs associated therewith); in order to protect

8  the privacy interests of other third parties who have accounts at Google; and in order to

9  minimize disruptions to normal business operations of Google; this application seeks

10  authorization to permit agents and employees of Google to assist in the execution of the

11  warrant, pursuant to 18 U.S.C. § 2703(g) as follows:

12      a.   The search warrant will be presented to Google, with direction that Google

13           identify and isolate the e-mail account and associated records described in

14           Section I of Attachment B.

15      b.   Google will also be directed to create an exact duplicate in electronic form

16           of the e-mail account and records specified in Section I of Attachment B,

17           including an exact duplicate of the content of all e-mail messages stored in

18           the specified e-mail account.

19      c.   Google shall then provide an exact digital copy of the contents of the

20           SUBJECT E-MAIL ACCOUNT, as well as all other records associated

21           with the account, to me or to any other agent of the USPIS.  Once the

22           digital copy has been received from Google, that copy will, in turn, be

23           forensically imaged and only that image will be reviewed and analyzed to

24           identify communications and other data subject to seizure pursuant to

25           Section II of Attachment B.  The original digital copy will be sealed and

26           maintained to establish authenticity, if necessary.

27      d.   I and/or other agents of USPIS will thereafter review the forensic image,

28           and identify from among that content those items that come within the

AFFIDAVIT OF SA WILLYERD - 16
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    items identified in Section II to Attachment B, for seizure.  I and/or other

2    agents of USPIS will then copy those items identified for seizure to

3    separate media for future use in the investigation and prosecution.  The

4    forensic copy of the complete content of the e-mail accounts will also then

5    be sealed and retained by USPIS, and will not be unsealed absent Court

6    authorization, except for the purpose of duplication of the entire image in

7    order to provide it, as discovery, to a charged defendant.

8       e.    Analyzing the data contained in the forensic image may require special

9    technical skills, equipment, and software.  It could also be very time-

10   consuming.  Searching by keywords, for example, can yield thousands of

11   "hits," each of which must then be reviewed in context by the examiner to

12   determine whether the data is within the scope of the warrant.   Merely

13   finding a relevant "hit" does not end the review process.   Keywords used

14   originally need to be modified continuously, based on interim results.

15   Certain file formats, moreover, do not lend themselves to keyword

16   searches, as keywords search text, and many common electronic mail,

17   database, and spreadsheet applications, (which may be attached to e-mail)

18   do not store data as searchable text.  The data is saved, instead, in

19   proprietary non-text format.  And, as the volume of storage allotted by

20   service providers increases, the time it takes to properly analyze recovered

21   data increases, as well.  Consistent with the foregoing, searching the

22   recovered data for the information subject to seizure pursuant to this

23   warrant may require a range of data analysis techniques and may take

24   weeks or even months.

25      f.    Based upon my experience and training, and the experience and training of

26   other agents with whom I have communicated, it is necessary to seize all

27   electronic mails, chat logs and documents, that identify any users of the

28   subject account and any electronic mails sent or received in temporal

AFFIDAVIT OF SA WILLYERD - 17
USAO# 2016R00649

1       proximity to incriminating e-mails that provide context to the incriminating

2       communications.

3       g.    All forensic analysis of the image data will employ only those search

4       protocols and methodologies reasonably designed to identify and seize the

5       items identified in Section II of Attachment B to the warrant.

6       **GENUINE RISKS OF DESTRUCTION OF EVIDENCE**

7       66.    Based upon my experience and training, it is not uncommon for technically

8   sophisticated criminals to use encryption or programs to destroy data that can be

9   triggered remotely, or by a pre-programed event or keystroke, or other sophisticated

10  techniques to hide data.  In this case, the data this application seeks is stored on an

11  enterprise storage system, also known as a server, belonging to Google.  If that data is

12  accessed and deleted by the user, by either deleting the e-mails or any associated contact

13  lists, the content would not be retrievable.  Unlike traditional computer forensics where a

14  hard drive can be searched and deleted documents recovered, information stored in an

15  enterprise storage system is irretrievable once it has been deleted.  Further, since this

16  information is accessible from anywhere that the suspect can obtain an Internet

17  connection to log on to his account, any user can delete this information in a matter of

18  minutes.

19      **REQUEST FOR NONDISCLOSURE AND SEALING**

20      67.    The government requests, pursuant to the preclusion of notice provisions of

21  Title 18, United States Code, Section 2705(b), that Google be ordered not to notify any

22  person (including the subscriber or customer to which the materials relate) of the

23  existence of this warrant for such period as the Court deems appropriate.  The

24  government submits that such an order is justified because notification of the existence of

25  this Order would seriously jeopardize the ongoing investigation.  Such a disclosure would

26  give the subscriber an opportunity to destroy evidence, change patterns of behavior,

27  notify confederates, or flee or continue his flight from prosecution.

28

AFFIDAVIT OF SA WILLYERD - 18
USAO# 2016R00649

1    68.    It is further respectfully requested that this Court issue an order sealing,

2  until further order of the Court, all papers submitted in support of this application,

3  including the application and search warrant.  I believe that sealing this document is

4  necessary because notification of the existence of these Warrants would, likewise,

5  seriously jeopardize the ongoing investigation.  The availability of these documents

6  would give the subscriber an opportunity to destroy evidence, change patterns of

7  behavior, notify confederates, or flee or continue his flight from prosecution.  Premature

8  disclosure of the contents of this affidavit and related documents may have a significant

9  and negative impact on the continuing investigation and may severely jeopardize its

10  effectiveness.

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

AFFIDAVIT OF SA WILLYERD - 19
USAO# 2016R00649

## **CONCLUSION**

69.     Based upon the evidence gathered in this investigation and set out above, including, but not limited to, my review of data and records, information received from other law enforcement agents, and my training and experience, there is probable cause to believe that evidence, fruits, and/or instrumentalities of violations of 21 U.S.C. §§ 841 (Distribution of Controlled Substances) and 846 (Conspiracy to Distribute Controlled Substances), exists and will be found in the electronically stored information or communications contained and associated with the SUBJECT E-MAIL ACCOUNT (and any attachments, stored instant messages, stored voice messages, documents, and photographs associated therewith), as well as in subscriber and log records associated with this account.  I therefore request that the Court issue the proposed search warrant. This Court has jurisdiction to issue the requested warrant pursuant to 18 U.S.C. § 2703, because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711(3)(A)(i) (defining a "court of competent jurisdiction" to include "a district court of the United States . . . that has jurisdiction over the offense being investigated").



BRETT A. WILLYERD, Affiant
U.S. Postal Inspector


SUBSCRIBED and SWORN to before me this 31 day of March, 2017.



HON. MARY ALICE THEILER
United States Magistrate Judge

AFFIDAVIT OF SA WILLYERD - 20
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

## ATTACHMENT A
### Account to be Searched

2

3
       The electronically stored information and communications contained in, related to,

4
and associated with, Google account:

5
       a.      Jessed206wilson@gmail.com        (Google File Number 5-6594000016614)

6
as well as all other subscriber and log records associated with the account, which are

7
located at premises owned, maintained, controlled or operated by Google, an e-mail

8
provider headquartered at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT A - 1
USAO# 2016R00649

**ATTACHMENT B**
**Section I - Information to be disclosed by Google, for search:**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any emails, records, files, logs, or information that has been deleted but is still available to the Provider, or has been preserved pursuant to a request made under 18 U.S.C. § 2703(f) on March 17, 2017, the Provider is required to disclose the following information to the government for each account or identifier listed in Attachment A:

a. The contents of all e-mails associated with the account, including stored or preserved copies of e-mails sent to and from the account, draft e-mails, the source and destination addresses associated with each e-mail, the date and time at which each e-mail was sent, and the size and length of each e-mail;

b. All records or other information regarding the identification of the account, to include full name, physical address, telephone numbers and other identifiers, records of session times and durations, the date on which the account was created, the length of service, the IP address used to register the account, log-in IP addresses associated with session times and dates, account status, alternative e-mail addresses provided during registration, methods of connecting, log files, and means and source of payment;

c. The types of service utilized;

d. All records or other information stored at any time by an individual using the account, including address books, contact and buddy lists, calendar data, pictures, and files;

e. All records pertaining to communications between the Provider and any person regarding the account, including contacts with support services and records of actions taken.

**Section II - Information to be Seized**

All information described above in Section I that constitutes fruits, contraband, evidence and instrumentalities of violations of Title 21, United States Code, Sections

ATTACHMENT B - 1
USAO# 2016R00649

841(a)(1) and 846, those violations involving JESSE WILSON and occurring after November 1, 2015, including, for the account or identifier listed on Attachment A, information pertaining to the following matters:

      a.    All content including messages, documents, and profile information, attachments, or other data that serves to identify any persons who use or access the account specified, or who exercise in any way any dominion or control over the specified account;

      b.    Any address lists, contact lists or other lists associated with the specified account that may identify co-conspirators;

      c.    Any content including messages, documents, photographs, attachments and/or profile information pertaining to the manufacturing, distribution, and sale of controlled substances via online and other electronic communication means; and the shipping, tracking, and delivery of packages, parcels, and/or other mail pieces from the United States Postal Service, UPS, FedEx, DHL, etc.;

      d.    All content including messages, documents and profile information, attachments, or other data that otherwise constitutes evidence, fruits, or instrumentalities of violations of Title 21, United States Code, Sections 841(a)(1) and 846;

      e.    All subscriber records associated with the specified account, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

      f.    Any and all other log records, including IP address captures, associated with the specified account; and

      g.    Any records of communications between Google, and any person about issues relating to the account, such as technical problems, billing inquiries, or complaints from other users about the specified account. This to include records of contacts between

ATTACHMENT B - 2
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the subscriber and the provider's support services, as well as records of any actions taken

2  by the provider or subscriber as a result of the communications.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT B - 3
USAO# 2016R00649

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970